FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA 11 AM 9: 32
Southern Division

U.S. DISTRICT COURT
N.D. OF ALABAMA

Mildred Humphries,                          )
      Plaintiff(s);                    )
                               )
                               )
-vs.-                                       )          No. CV 95-P-0591-S
                               )
Independent Life and Accident Insurance )
Co.                                         )
      Defendant(s).                    )

**OPINION**                    FEB 1 1 1997

Based on the following reasons, the Defendant's Motion for Partial Summary Judgment
is hereby GRANTED.

## FACTS[1]

The Plaintiff Mildred Humphries ("Humphries"), female, was employed as an agent by the
Defendant Independent Life and Accident Insurance Co. ("Independent") at their Bessemer office
from 1992 until her termination on May 13, 1994.

On August 23, 1993, Independent promoted Jerry Dowling ("Dowling") to Staff Manager.
He had been hired five or six months prior to that date but had been employed in the insurance
industry for thirty years and had spent eighteen years as a District Manager for another company.
On January 30, 1994, Larry Aldridge ("Aldridge") was reassigned to the Bessemer office as a Staff
Manager. While working for Independent, Aldridge had spent one year as the District Manager
in Meridian, Mississippi and had spent five years as a Staff Manager in Bessemer prior to the
move to Meridian. At the time of the reassignment, Aldridge has been employed in the insurance

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiff.

21

industry for twenty years. Humphries had no experience in the insurance industry prior to 1992 when she began her employment with Independent. Neither of the vacancies for Staff Managers were posted. It was not practice in the Bessemer office to post vacancies.

Humphries obtained her license to sell life insurance and property and casualty insurance after beginning work at Independent. In December 1993, the Alabama Department of Insurance revoked the licenses of 238 Independent agents and required them to requalify for their licenses within six months. Humphries was among those 238 agents and was required to requalify for a license to sell property and casualty insurance. Under state law, anyone selling insurance in Alabama must have a license issued by the Department of Insurance. As part of the licensing procedure, applicants are required to pass an examination. After the revocation, Humphries license became temporary and she took the examination on January 19, 1994 and March 26, 1994 and failed on both occasions.

On or about March 23, 1994, Humphries filed a discrimination charge with the EEOC complaining about the lack of promotion on two occasions alleging gender discrimination.

On April 7, 1994, the Department of Insurance notified Humphries that she had failed the test for the second time, that she would have to wait three months before taking the exam again but that in the intervening time she could no longer represent an insurer in the state. The Department notified Independent of the nine agents who had not passed the examination the second time and who could no longer transact business in the state. All nine of the agents, including Humphries, were terminated.

Humphries filed suit against Independent alleging gender discrimination under Title VII regarding her failure to be promoted on three different occasions and she alleges that her

2

termination was in retaliation for filing an EEOC complaint.[2] Independent has filed a Motion for Summary Judgment as to the two promotion claims involving Dowling and Aldridge and as to the termination and retaliation claim.

ANALYSIS[3]

## A. PROMOTION CLAIMS

Under Title VII, a plaintiff must establish a prima facie case of discrimination in promotion by showing (1) he or she is a member of a protected minority; (2) was qualified for and applied for the promotion; (3) was rejected despite these qualifications; and (4) other equally or less qualified employees who were not members of the protected minority were promoted.[4] Once a prima facie case has been established, the employer must articulate some legitimate, nondiscriminatory reason for the action.[5] At which point, the plaintiff must show directly or indirectly that the proffered reason is a pretext or sham.[6]

In the case at bar, Humphries fails to make a prima facie showing of discrimination as to the promotions of Dowling and Aldridge. Humphries is the member of a protected class. Assuming that she was qualified for the promotions[7] and she applied for them,[8] she has not

---

2. Although the complaint alleges facts about a supervisor's overtures toward Humphries and hostile work environment, Humphries's brief at page 3 states that her claims of discrimination are not ones for hostile environment or sexual harassment but rather for disparate treatment.

3. The Court has considered all of the evidence and argument submitted by the parties.

4. *Wu v. Thomas*, 847 F.2d 1480 (11th Cir. 1988).

5. *Id. See*, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

6. *Id.*

7. Humphries alleges that David Cochran told her that the qualifications included completion of industry education and earned sales seminars. For summary judgment purposes, the Court will assume that this is true. However, the Court also notes that Joedy Putnal stated that these were some of the factors considered but that other factors were also taken into account.

8. Although Humphries stated that openings were not posted, she stated that she made it known in the office that she wanted the job. Humphries depo. pp.120-121.

3

provided evidence that she was equally or more qualified than either Dowling or Aldridge. Humphries argues that she had many positive employment aspects and that both Dowling and Aldridge had some negative aspects to their employment histories. For example, she had completed some educational courses and had helped train some of the new agents.[9] At the time of their promotions, both Dowling and Aldridge had more than twenty years of experience in the insurance industry. Both Dowling and Aldridge had held management positions in the industry for several years. Assuming that the facts about Dowling and Aldridge as characterized by Humphries are true, Humphries has still failed to introduce any evidence as to how her two years of experience in the industry made her equally or more qualified than either of these men. Based on these reasons, the Plaintiff has failed to introduce sufficient evidence of a genuine issue of material fact as it relates to the promotions. Therefore, the Defendant's Motion for Summary Judgment as to the Plaintiff's discrimination claims for failure to promote is hereby GRANTED.

B. TERMINATION CLAIMS

In her brief, Humphries argues that her termination was based on her gender and in retaliation for filing an EEOC charge. In order to establish a prima facie case of retaliatory discharge, plaintiffs must show that "(1) [they] engaged in a protected opposition to Title VII discrimination; (2) that [they] [were] terminated simultaneously with or subsequent to such opposition; and (3) that there was a causal link between the protected opposition and the termination."[10] To establish a prima facie case of gender discrimination, plaintiffs must show that (1) they were members of a protected class; (2) that they were terminated; (3) that their

---

9. See Plaintiff's Brief p. 14.

10. *Tipton v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494 (11th Cir. 1989).

4

replacements were from outside the class; and (4) that they were qualified to do the job.[11]  Under *Burdine*, if the plaintiff has made a prima facie showing, the defendant must articulate a non-discriminatory reason for its actions.[12]  Upon this articulation, the plaintiff then has the burden of coming forward with evidence that the stated reason is a pretext.[13]

In the case at bar, Humphries filed her charge with the EEOC on March 23, 1994.  She was terminated on May 13, 1994.  Assuming that Humphries can establish a prima facie case of discrimination or retaliation,  Independent's stated reason for terminating her was her failure to pass the examination to obtain a license to sell property and casualty insurance.  Independent has produced evidence that Humphries took the examination twice, failing on both occasions.  In addition, Independent has produced evidence that the Department of Insurance informed them of the results of the examination and directed these agents to refrain from representing any insurer in the state.  Independent has produced evidence that eight similarly situated agents[14] who had not passed the examination were terminated along with Humphries.  Although the timing of the termination is close to the time of her EEOC complaint, the articulated reason is non-discriminatory and has no relationship with her EEOC charge or her gender.  None of the other eight agents who were terminated had filed EEOC charges.  Of those eight agents, five of them were male and three of them were female.  Humphries has simply failed to provide sufficient

---

11. See, *McDonnell Douglas v. Green*, 411 U.S. 792, (1973); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Hawkins v. Ceco Corp.*, 883 F.2d 977 (11th Cir. 1989).

12. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

13. *Id.*

14. Humphries argues that the other eight agents who were terminated were not similarly situated because they did not show up for the examination and failed by default.  Humphries argues that those agents did not "fail" the examination and were not terminated for "failing" the exam.  However, this distinction is not material.  All nine of the agents did not have their P&C licenses and were prohibited by the Department of Insurance from transacting business for any insurer in the state.

5

evidence that the reason articulated by Independent was a pretext for her termination. Based on the foregoing facts, the Plaintiff has failed to show that genuine issues of material fact exist as to her termination and retaliation claims. Therefore, the Defendant's Motion for Summary Judgment as to the termination and retaliation claims is GRANTED.

Dated: 2/10/97

Chief Judge Sam C. Pointer, Jr.

Service List:
  Mr. Gregory Wiggins
  Mr. Jay D. St. Clair
  Ms. Anne Regina Yuengert

6